IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| W. James Kernaghan, II<br>3024 Harper Street<br>Philadelphia, PA 19130<br><br>   and<br><br>On Target Acquisition, LLC<br>406 Cherrywood Court<br>Perkasie, PA 18944<br><br>   v.<br><br>BCI Communications, Inc.<br>1801 Pollitt Drive<br>Fairlawn, NJ 07410<br><br>   and<br><br>Clearwire Corporation<br>d/b/a Clearwire US, LLC<br>d/b/a Clear Wireless, LLC<br>a/k/a Clearwire Technologies, Inc.<br>4400 Carillon Point<br>Kirkland, WA 98033 | No. 2:11-cv-01051-JHS |

**BRIEF OF DEFENDANT CLEARWIRE CORPORATION IN SUPPORT OF ITS
MOTION TO DISMISS COUNT II OF PLAINTIFFS' COMPLAINT**

**I.     INTRODUCTION**

Clearwire Corporation ("Clearwire") moves to dismiss Count II of Plaintiffs' Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted.

In Count II—the only Count directed at Clearwire—Plaintiffs allege Clearwire tortiously interfered with an agreement between Plaintiffs and Defendant BCI Communications, Inc. ("BCI"). But Plaintiffs fail to plead the necessary elements of their claim. Specifically,

Plaintiffs do not allege—nor can they—that Clearwire had no beneficial or economic interest in the agreement with which it supposedly interfered. In fact, Plaintiffs' allegations show Clearwire was the impetus for the agreement between Plaintiffs and BCI and, moreover, that Clearwire had a very real, tangible interest in the work Plaintiffs performed. Plaintiffs' claim for tortious interference fails as a matter of law.

In addition, the Court should dismiss Count II to the extent Plaintiffs seek to assert a claim for tortious interference with prospective business relations. First, Plaintiffs do not allege the existence of a prospective contract they had an objectively reasonable chance of entering into but for Clearwire's alleged interference. Second, Plaintiffs improperly base their claim on their past dealings with BCI. As courts have repeatedly held, a party may not rest a claim for tortious interference with prospective business relations on the ground it would have entered into prospective contracts simply because it previously did business with a third party.

## II. FACTUAL BACKGROUND

Under the applicable standards for a motion to dismiss, Clearwire accepts the following factual allegations from Plaintiffs' Complaint as true.

Around January 2009, Plaintiffs W. James Kernaghan, II ("Kernaghan") and his company, On Target Acquisition, LLC ("On Target"), learned Clearwire hired BCI as a general contractor to "secure lease agreements on BCI sites and other sites deemed qualified by Clearwire to launch its wireless network in and around the Philadelphia area." Compl. ¶ 8. Kernaghan had experience performing similar types of work with On Target and successfully bid on the "Clearwire/BCI Project" ("Project"). Compl. ¶ 9.

Around January 29, 2009, Kernaghan, on behalf of On Target, entered into an Independent Contractor Agreement ("Agreement") with BCI regarding the performance of the

work. Compl. ¶ 11 & Exhibit A attached thereto.[1]  According to Plaintiffs, "Clearwire was made aware of Kernaghan's involvement on the Project, and was aware of his credentials prior to contract approval."  Compl. ¶ 14.

Among other things, the Agreement provides, under the heading "**BILLING AND PAYMENT**," that "Contractor shall provide BCI with invoice for [work performed] on or before the last day every month," and that "BCI shall pay Contractor's invoice within 30 days after its receipt thereof."  *See* Exhibit 1.

The Agreement further provides, under the heading "**TERMINATION**," that "[i]n the event that [On Target's] performance is unsatisfactory, in [Clearwire's] or BCI sole opinion, BCI shall have the right to immediately terminate [On Target's] assignment with [Clearwire] and terminate this Agreement."  *See* Exhibit 1.

In February 2009, BCI informed Kernaghan it would discontinue using him and On Target for the completion of the Project.  Compl. ¶ 22.  Plaintiffs claim BCI terminated them because of perceived conflicts of interest.  Compl. ¶ 19.  Plaintiffs further allege "Kernaghan has not been paid for any of the work that he performed on the Project."  Compl. ¶ 27.

In Count I of their Complaint, Plaintiffs claim BCI has failed to pay for work performed.  Compl. ¶¶ 29-36.  In Count II, Plaintiffs claim Clearwire tortiously interfered with their relations with BCI.  Compl. ¶¶ 37-51.  According to Plaintiffs, Clearwire "directed BCI to terminate the Agreement with On Target" and directed "BCI not to work with Kernaghan or On Target in the future."  Compl. ¶ 39.  Plaintiffs allege they have "sustained damages in the full amount of the Agreement price," Compl. ¶ 43, plus "damages in an amount uncertain on any and all future projects in which BCI would have contracted with Kernaghan and On Target."  Compl. ¶ 51.

---

[1] For the Court's convenience, a copy of the Agreement is attached hereto as Exhibit 1.

## III. ARGUMENT

### A. Standard of Review

In reviewing a motion to dismiss under Rule 12(b)(6), courts must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *Allegheny Gen. Hosp. v. Philip Morris, Inc.*, 228 F.3d 429, 434-35 (3d Cir. 2000). While a complaint does not need detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-57 (2009); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* Courts should not credit bald assertions or legal conclusions improperly alleged in the complaint. *Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3d Cir. 1997). Similarly, legal conclusions draped in the guise of factual allegations have no presumption of truthfulness. *Id.*

### B. Plaintiffs Fail to State a Claim for Tortious Interference

To state a claim for tortious interference, a plaintiff must allege the existence of a contractual relation between the claimant and a third party; purposeful action on the part of the defendant specifically intended to harm the existing relation; the absence of a privilege or justification for doing so; and, actual legal damage as a result of the defendant's conduct. *See Brokerage Concepts, Inc. v. U.S. Healthcare, Inc.*, 140 F.3d 494, 530 (3d Cir. 1998). The gravamen of the tort is intentional improper conduct "causing the third person not to perform the contract" with the claimant. *Adler, Barish, Daniels, Levin and Creskoff v. Epstein*, 393 A.2d 1175, 1183 (Pa. 1978) (quoting Restatement (Second) of Torts § 766), *cert. denied*, 442 U.S. 907 (1979)).

With respect to the first element—the existence of a contractual relation between the claimant and a third party—courts around the country have uniformly held a defendant must be a stranger to the underlying contract with which it allegedly interfered. Put another way, the party must tortiously interfere with a contract under which it has no "beneficial" or "economic" interest.

*Edwards v. Prime, Inc.*, 602 F.3d 1276 (11th Cir. 2010), illustrates this point. In *Edwards*, plaintiffs, seven former employees of a Ruth's Chris Steak House ("Ruth's Chris") alleged, *inter alia*, that Ruth's Chris tortiously interfered with a relationship between plaintiffs and their customers by unlawfully taking their customers' tips. *Id.* at 1302-03. Defendants moved to dismiss plaintiffs' claim on the ground they failed to allege "any facts indicating that [defendants] were strangers to the business relationships with which they allegedly interfered." *Id.* at 1302-1303.

The Eleventh Circuit agreed. As the court explained, to state a claim for tortious interference, a plaintiff must demonstrate the defendant was a "stranger" to the relation with which it allegedly interfered. *Id.* at 1302. "A plaintiff fails to meet that burden when the defendant is a party in interest to the allegedly injured business relationship." *Id.* In determining whether a defendant is a party in interest, courts look to whether the defendant "has any beneficial or economic interest in, or control over, that relationship." *Id.* at 1302 (quotation omitted). Because the defendants had an interest in the relationship between plaintiffs and their customers, plaintiffs' claim for tortious interference failed as a matter of law. *Id.* at 1302-03.

Numerous other Courts of Appeals, federal District Courts, and state courts, have articulated the same principal as the court in *Edwards*. *See, e.g.*, *Richards v. Relentless, Inc.*, 341 F.3d 35, 43 (1st Cir. 2003) (affirming magistrate judge's holding that "there is a requirement that

for the action of tortious interference with contractual relations to be maintained the defendant must be a stranger to the contract"); *Ham Marine, Inc. v. Dresser Indus., Inc.*, 72 F.3d 454, 462 (5th Cir. 1995) ("Only where the person interfering with performance is a stranger to the contract does a party to the contract have a tortious interference cause of action against him."); *AMX Int'l, Inc. v. Battelle Energy Alliance*, No. 09-CV-210, 2010 WL 3984608, at *2 (D. Idaho 2010) ("A claim for tortious interference with contract … requires proof that the defendant is a stranger to the contract with which the defendant allegedly interfered and to the business relationship giving rise to the contract."); *Oceguera v. Alutiiq Sec. & Technology, LLC*, No. 10-22220, 2010 WL 3894606, at *4 (S.D. Fla. Oct. 1, 2010) ("For an interference to be unjustified, the interfering defendant must be a third party, a stranger to the business relationship.") (quotation omitted); *Winicki v. City of Olean*, 203 A.D.2d 893, 894 (N.Y. Sup. Ct. App. Div) ("[O]nly a stranger to a contract, such as a third party, can be liable for tortious interference with a contract."); 44B Am. Jur. 2d Interference § 7 ("A claim for tortious interference with contractual relations requires proof that the defendant is a stranger to the contract with which the defendant allegedly interfered and to the business relationship giving rise to the contract.").[2]

Here, Clearwire is anything but a "stranger" to the Agreement between Plaintiffs and BCI. After all, the very purpose of the Agreement was for Plaintiffs to perform work that would inure to the benefit of Clearwire. Plaintiffs themselves refer to their work for the "Clearwire/BCI Project." Compl. ¶ 9. Moreover, the Agreement accords rights to Clearwire, providing that if

---

[2] Clearwire recognizes these cases are from outside Pennsylvania; however, there is no case of which Clearwire is aware that suggests Pennsylvania would adopt a different rule. In fact, the Alabama Supreme Court cited the Restatement (Second) of Torts § 766 for the proposition that the defendant in a tortious interference claim must be "independent of, or a third party to, the particular relation." *BellSouth Mobility, Inc. v. Cellulink, Inc.*, 814 So.2d 203, 219 (Ala. 2001). The Pennsylvania Supreme Court has adopted Section 766 of the Restatement (Second) of Torts. *See Walnut Street Associates, Inc. v. Brokerage Concepts, Inc.*, 982 A.2d 94, 97 n.2 (Pa. Super. 2009).

Clearwire is not satisfied with Plaintiffs' work, BCI has the right to immediately terminate the Agreement. *See* Exhibit 1. In short, Clearwire had a beneficial interest in the Agreement between Plaintiffs and BCI. Accordingly, Clearwire could not, as a matter of law, tortiously interfere with it. Count II of Plaintiffs' Complaint should be dismissed.

### C. Plaintiffs Fail to State A Claim for Tortious Interference With Prospective Business Relations.

The Court should dismiss Count II to the extent it seeks to assert a claim for tortious interference with prospective business relations for two independent reasons. First, Plaintiffs do not allege the existence of a prospective contract they had an objectively reasonable chance of entering into but for Clearwire's alleged interference. Second, Plaintiffs improperly base their claim on their past dealings with BCI.

To state a claim for tortious interference with prospective business relations, Plaintiffs must plead the elements of a claim for tortious interference with existing business relations plus facts that, if true, show "an objectively reasonable probability that [prospective relationships would] come into existence." *Fresh Made, Inc. v. Lifeway Foods, Inc.*, No. 01-4254, 2002 WL 31246922, at *13 (E.D. Pa. Aug. 9, 2002) (quoting *Allstate Transp. Co., Inc. v. Southeastern Pennsylvania Transp. Auth.*, No. 971482, 1997 WL 666178, at *11 (E.D. Pa. Oct. 20, 1997)); *see also Devon Robotics v. DeViedma*, No. 09-3552, 2009 WL 4362822, at *7-*8 (E.D. Pa. Nov. 30, 2009) (dismissing claim for tortious interference with prospective business relations where plaintiffs offered "no evidence regarding any potential contracts which were interfered with"). Plaintiffs may not rest their claim "on a mere hope that additional contracts or customers would have been forthcoming but for the defendant's interference." *Fresh Made, Inc.*, 2002 WL 31246922, at *12.

Moreover, "merely pointing to an existing business relationship or past dealings does not reach this level of probability." *Id.* at 12. *See Frempong-Atuahene v. Redev. Auth.*, No. 98-0285, 1999 WL 167726, at *6 (E.D. Pa. Mar. 25, 1999) (dismissing tortious interference with prospective relations claim where plaintiff failed to allege a prospective contractual relationship with sufficient specificity); *Allstate Transp. Co.*, 1997 WL 666178, at *11 ("Past dealings alone are not sufficient to support a claim of intentional interference with business relationships.").

Here, the Court should dismiss Plaintiffs' claim for tortious interference with prospective business relationships because they have not identified any non-speculative prospective contracts with which Clearwire interfered. In fact, Plaintiffs' entire claim for prospective business relations rests on a single, bald assertion that "as a result of Clearwire's … tortious interference with On Target's ongoing business relationship with BCI, On Target and Kernahgan have sustained damages in an amount uncertain on any and all future projects in which BCI would have contracted with Kernaghan and On Target." Compl. ¶ 51. This allegation amounts to nothing but a mere "hope" for more business.

Moreover, Plaintiffs' claim should be dismissed because it is based solely on their "past dealings" with BCI. That Plaintiffs previously did business with BCI is insufficient, as a matter of law, to show the likelihood that they would have entered into additional, prospective contracts with BCI. *See, e.g.*, *Devon Robotics*, 2009 WL 4362822, at *7 ("[A] plaintiff must base its claim that there was a prospective contractual relationship on something other than an existing or current relationship.").

In sum, Plaintiffs fail to state a plausible claim for tortious interference with prospective business relations.

## IV. CONCLUSION

For the foregoing reasons, Clearwire respectfully requests that the Court enter an Order dismissing Count II of Plaintiffs' Complaint against it with prejudice.

/s/ John G. Papianou
John G. Papianou
MONTGOMERY, MCCRACKEN,
 WALKER & RHOADS, LLP
123 South Broad Street, 24th Floor
Philadelphia, PA 19109
Tel:   (215) 772-1500
Fax:   (215) 772-7620

Attorneys for Defendant
CLEARWIRE CORPORATION

## **CERTIFICATE OF SERVICE**

I certify that on May 16, 2011, I filed the foregoing MOTION OF DEFENDANT CLEARWIRE CORPORATION and supporting brief using the Court's CM/ECF system, which will send e-mail notification of the filing to counsel of record. These documents are available for viewing and downloading via the CM/ECF system.

/s/ John G. Papianou