IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| W. James Kernaghan, II<br>3024 Harper Street<br>Philadelphia, PA 19130<br><br>and<br><br>On Target Acquisition, LLC<br>406 Cherrywood Court<br>Perkasie, PA 18944<br><br>v.<br><br>BCI Communications, Inc.<br>1801 Pollitt Drive<br>Fairlawn, NJ 07410<br><br>and<br><br>Clearwire Corporation<br>d/b/a Clearwire US, LLC<br>d/b/a Clear Wireless, LLC<br>a/k/a Clearwire Technologies, Inc.<br>4400 Carillon Point<br>Kirkland, WA 98033 | No. 2:11-cv-01051-JHS |

### PLAINTIFFS' RESPONSE TO DEFENDANT, CLEARWIRE CORPORATION'S MOTION TO DISMISS COUNT II OF COMPLAINT

Defendant, Clearwire Corporation, has filed a Motion to Dismiss Count II of the Complaint, which is a claim for Tortious Interference with Contract (and the only count brought against Clearwire Corporation). In its Motion to Dismiss, Clearwire Corporation incorrectly relies upon the "stranger rule," as that rule has not been adopted by this Honorable Court, or Pennsylvania courts in general. Moreover, the substantive arguments made by Clearwire Corporation are premature and not ripe for determination where the relationship between Clearwire Corporation and the parties must be proven and examined via discovery and/or pleadings.

Under Pennsylvania law, the elements of a claim for tortious interference with existing contractual relations are: (1) the existence of a contractual relation between the claimant and a third

party; (2) purposeful action by the opposing party specifically intended to harm the existing relation; (3) the absence of privilege to do so; and (4) resulting damages. Reading Radio, Inc. v. Fink, 833 A.2d 199, 211 (Pa.Super.Ct. 2003); Simon Prop. Group, Inc. v. Palombaro, 682 F. Supp. 2d 508, 511 (W.D. Pa. 2010).

Under Pennsylvania law, parties to the contract cannot be proper defendants for a tortious interference claim pertaining to that contract. Maier v. Maretti, 448 Pa.Super. 276, 671 A.2d 701, 707 (1995) ("Essential to recovery on the theory of tortious interference with a contract between a plaintiff and a third person . . . as a result there must be a contractual relationship between the plaintiff and a party other than the defendant."). Alpart v. Gen. Land Partners, Inc., 574 F. Supp. 2d 491, 505 (E.D. Pa. 2008).

However, in its Motion to Dismiss, Clearwire Corporation claims that "courts around the country have uniformly held a defendant must be a stranger to the underlying contract with which it allegedly interfered." (Clearwire Motion to Dismiss, pg. 5). This statement is true, however, Clearwire wrongly implies that courts around the country define a stranger to the contract as a party "with no "beneficial" or "economic" interest" in the underlying contract. (Id.) Further, Pennsylvania has not adopted the expanded definition of stranger that other jurisdictions employ, nor has it adopted the "beneficial or economic interest" definition expounded by Clearwire.

The mere fact that a defendant–corporation is affiliated with the corporation with which the plaintiff had the contract allegedly interfered with by the defendant does not make the defendant–corporation a party to the contract so as to defeat an action for tortious interference, where the contracting party and the defendant remain separate entities. Likewise, a parent company is not liable for the actions of its subsidiary simply because of the parent–subsidiary relationship. 2 Summ. Pa. Jur. 2d Torts § 17:21

It is true that the tort of interference with contractual relations is limited to contracts between

2

the complainant and third parties. Michelson v. Exxon Research and Engineering Co., 588 F.Supp. 92, 94 (W.D.Pa.1984) (citations omitted). Nonetheless, the Defendants to this action are two distinct entities. The fact that Clearwire Corporation claims to be somehow affiliated with the subject contract does not change the distinct nature of the two Defendants. *See* 8A *Pa. Law Encyclopedia: Corporations* § 4 (1971). Thus, a claim that one Defendant interfered with the contractual relationship between Plaintiff and another Defendant is possible. Baltimore & Ohio R. Co. v. Cent. Ry. Services, Inc., 636 F. Supp. 782, 785 (E.D. Pa. 1986).

"[I]n Peacock v. General Motors Acceptance Corp., 432 So.2d 142 (Fla.Dist.Ct.App.1983), a Florida District Court of Appeal held that a wholly owned subsidiary (GMAC) of a corporation (GM) was not immune from suit for tortiously interfering with the corporation's contract with another party. The Court reached this conclusion despite the subsidiary's contention that it was in privity with the corporation and thus not a third party to the contract. *Id.*, at 143. *See, also,* In re Sunrise Sec. Litig., 793 F. Supp. 1306, 1326 (E.D. Pa. 1992).

In Peacock, *supra*, the court rejected GMAC's reasoning and held that GMAC's subsidiary relationship to GM does not in itself negate the possibility of GMAC's having intentionally interfered with Peacock's and Peacock Chevrolet's business relationships with GM. GMAC was described as a distinct legal entity, and its being a wholly owned subsidiary of GM did not alter that status. GMAC did not claim, much less had it established, that GM's control was such that GMAC was but an instrumentality of the parent GM. *Id.* Absent a piercing of the corporate veil, GM could not be held accountable for GMAC's tortious acts.

In the instant case, Clearwire is not under the direction of BCI so as to be an "instrumentality." It is not a subsidiary or parent of BCI Communications, Inc. Nor was Clearwire acting as an agent for BCI. There is no relationship between Clearwire Corporation and BCI Communications, Inc. other than the two parties being involved in a contract which is separate and distinct from the contract which

Plaintiffs complain has been tortiously interfered. In short, there is no relationship between Clearwire Corporation and BCI Communications, Inc., which would prohibit a tortious interference claim by Plaintiffs against Clearwire for causing BCI Communications, Inc. to terminate its independent contract with Plaintiffs.

Plaintiffs' Complaint avers all of the necessary elements of a valid claim for tortious interference against Defendant, Clearwire Corporation, and therefore, Defendant, Clearwire Corporation's Motion to Dismiss must be dismissed, with prejudice, and Defendant, Clearwire Corporation must be required to file an Answer to Plaintiffs' Complaint within twenty (20) days, in the form of the Order attached hereto.

Respectfully submitted,

**REIDENBACH & ASSOCIATES, LLC**

Dated: 6/7/11

By: _____
Scott R. Reidenbach, Esquire
*Attorney for Plaintiffs*,
1008 Upper Gulph Rd., Ste. 300
Wayne, PA 19087
(800) 969-7032 TEL
(800) 963-9133 FAX

## VERIFICATION

I, SCOTT R. REIDEBNACH, ESQUIRE, subject to the penalties of 18 Pa.C.S.A. §4904, relating to unsworn falsification to authorities, state that the facts set forth in the foregoing Plaintiffs' Response to Defendant, Clearwire Corporation's Motion to Dismiss Count II of Complaint, are true to the best of my knowledge, information and belief.

_____
Scott R. Reidenbach

Dated: 6/7/11